UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD STURGIS,

    Petitioner,

v.

KATHLEEN OLSON, *Warden*,

    Respondent.

Case No. 17-cv-12098
Honorable Laurie J. Michelson

**ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

Petitioner Donald Sturgis has filed a motion for "summary judgment." (R. 26.) A review of the motion reveals that Sturgis wants this Court to decide whether he is entitled to a writ of habeas corpus quickly. In support, he cites 28 U.S.C. § 2243.

As the Warden has already responded, it appears that Sturgis relies on this part of § 2243: "The writ, or order to show cause shall be directed to the person having custody of the person detained. . . . When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed. . . . The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."

"The clear import of [§ 2243] is that habeas corpus matters are to be accorded a high priority; they must be resolved promptly by the court." *See In re Habeas Corpus Cases*, 216 F.R.D. 52, 55 (E.D.N.Y. 2003). But "[g]iven the large numbers of habeas petitions from state prisoners filed in the district courts, the strained dockets faced by most federal trial judges and the chronic understaffing of the bench, it has been impossible for many courts to schedule hearings for each nonfrivolous petition within the time limits of section 2243." *Id.* "Obeying the explicit directives of section 2243 is not possible." *Id.*

The Court appreciates that Sturgis would like his petition decided soon. The Court has many habeas corpus cases pending along with many other cases. This Court has no intent of "let[ting] habeas applications settle to the bottom of [it]s to-do list[]." *Id.* at 55. The Court will address Sturgis' petition in due course.

To the extent that Sturgis asks this Court to immediately "issue an order for an evidentiary hearing or reverse the conviction" (R. 26, PageID.2242), Sturgis' motion is DENIED. If it is later determined that a hearing or evidentiary hearing is proper, the Court will order one.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: November 5, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, November 5, 2018, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager