UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD STURGIS, #566328,

        Petitioner,

                                            CASE NO. 2:17-CV-12098
v.                                          HONORABLE LAURIE J. MICHELSON

KATHLEEN OLSON,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR BOND [31]

Michigan prisoner Donald Sturgis has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his state court convictions for aggravated stalking, unlawful posting of a message with aggravated circumstances, and two counts of using a computer to commit a crime for which he was sentenced to concurrent terms of five to 35 years imprisonment. The Warden has filed an answer to the habeas petition or the state court record and Sturgis has recently filed a reply. The matter is presently before the Court on Sturgis' motion for bond. (ECF No. 31.)

Federal district courts may grant bond after granting a petitioner's writ of habeas corpus. *Sizemore v. District Ct.*, 735 F.2d 204, 208 (6th Cir. 1984). But to grant bond prior to making a determination on the merits is extraordinary. *Moore v. Egeler*, 390 F. Supp. 205, 207 (E.D. Mich. 1975). Indeed, the Sixth Circuit has stated that to receive bond pending a decision in a federal habeas corpus case, "prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' There will be few

occasions where a prisoner will meet this standard." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)).

Having considered Sturgis' motion and conducted a preliminary review of his case, the Court is not persuaded that the interests of justice require his release on bond pending the resolution of this case. Accordingly, the Court **DENIES** Petitioner's motion for bond.

**IT IS SO ORDERED**.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: April 2, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, April 2, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager