UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD STURGIS,

    Petitioner,

v.

KATHLEEN OLSON, *Warden*,

    Respondent.

Case No. 17-cv-12098
Honorable Laurie J. Michelson

## ORDER DENYING PETITIONER'S
## MOTION FOR JUDGMENT ON THE PLEADINGS [29]

In 2015, Donald Sturgis filed a petition for a writ of habeas corpus. That petition was dismissed without prejudice because Sturgis had not exhausted seven claims. *See Sturgis v. Shane Place*, No. 15-11682, 2016 WL 795889 (E.D. Mich. Feb. 29, 2016).

In 2017, Sturgis filed another petition for a writ of habeas corpus. That is the petition pending in this case. Sturgis challenges his state court convictions for aggravated stalking, unlawful posting of a message with aggravated circumstances, and two counts of using a computer to commit a crime. The state trial court sentenced Sturgis to 5 to 35 years in prison. Sturgis has come up for parole twice but has been denied both times.

In the over two years since this case has been pending, Sturgis has filed nine motions. One was a motion for summary judgment. In November 2018, this Court entered an order on Sturgis' motion for summary judgment. The Court said in part:

> "The clear import of [§ 2243] is that habeas corpus matters are to be accorded a high priority; they must be resolved promptly by the court." *See In re Habeas Corpus Cases*, 216 F.R.D. 52, 55 (E.D.N.Y. 2003). But "[g]iven the large numbers of habeas petitions from state prisoners filed in the district courts, the strained dockets faced by most federal trial judges and the chronic understaffing of the bench, it has been impossible for many courts to schedule hearings for each

> nonfrivolous petition within the time limits of section 2243." *Id.* "Obeying the explicit directives of section 2243 is not possible." *Id.*
>
> The Court appreciates that Sturgis would like his petition decided soon. The Court has many habeas corpus cases pending along with many other cases. This Court has no intent of "let[ting] habeas applications settle to the bottom of [it]s to-do list[]." *Id.* at 55. The Court will address Sturgis' petition in due course.
>
> To the extent that Sturgis asks this Court to immediately "issue an order for an evidentiary hearing or reverse the conviction" (R. 26, PageID.2242), Sturgis' motion is DENIED. If it is later determined that a hearing or evidentiary hearing is proper, the Court will order one.

(ECF No. 28, PageID.2250–2251.)

On the very day that this Court's order on Sturgis' summary-judgment motion was docketed, Sturgis' motion for judgment on the pleadings was docketed. (*See* ECF Nos. 28, 29.) This order addresses that motion.

Sturgis' motion for judgment on the pleadings makes a few points or requests. The first is a request for an "expedited remedy." (ECF No. 29, PageID.2252, 2258.) Sturgis also "demands an evidentiary hearing" so that the Warden can "provide the fictitious evidence used to" unlawfully convict him. (ECF No. 29, PageID.2254.) Sturgis also makes several arguments in support of his petition (or in reply to the Warden's response). These "issues of law" include a challenge to the state trial court's order prohibiting Sturgis from mentioning "free speech" to the jury, (*see id.*, PageID.2254), an invocation of "stare decisis" (*see id.*, PageID.2255), an argument about the state trial court's lack of jurisdiction (*see id.*, PageID.2256), and an assertion that the Warden has not responded to "Issue II A–H" of his petition and thus, under Rule 5 of the Rules Governing Section 2254 Proceedings, that issue "must be considered as true" (*see id.* PageID.2255).

Sturgis' request for an expedited ruling is denied for the reasons stated in this Court's order on his summary-judgment motion. The Court recognizes that the current petition has been pending

2

since June 2017. But as previously explained, this Court has "many habeas corpus cases pending along with many other cases." (ECF No. 28, PageID.2251.)

Sturgis' request for an evidentiary hearing is denied without prejudice for the reasons stated in this Court's order on his summary-judgment motion.

As for Sturgis' legal arguments, they are not properly before the Court. Sturgis had the opportunity to develop his argument in his petition for a writ of habeas corpus. He also had the opportunity to file, and did file, a reply to the Warden's response to his petition. (ECF No. 20.)

Sturgis' motion for judgment on the pleadings is thus DENIED.

SO ORDERED.

                                           s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES DISTRICT JUDGE

Date: August 21, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, August 21, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                           s/William Barkholz
                                           Case Manager